T. J. COURTNEY ET AL. V. A. J. NEIMEYER & CO.

[FILED JANUARY 27, 1892.]

1. **Executions:** PARTNERSHIP PROPERTY: RELATIVE RIGHTS OF CREDITORS. N. & Co. recovered a judgment against C. & G. upon a joint promissory note, and caused an execution to be issued thereon, which was levied by the sheriff on partnership property belonging to C. & G. Soon afterwards, and before a sale under the execution, C. & G., as a firm, confessed judgment in favor of McP., who thereupon caused an execution to be issued thereon, which was levied by a constable upon the same property as that previously levied upon by the sheriff. In an action in equity by N. & Co., in which they alleged that the debt on which their judgment was based was a firm debt of C. & G., the answer raised the same question, and upon the issues thus formed the court found in favor of N. & Co. *Held,* That the judgment was supported by the clear weight of evidence.

2. **Jurisdiction:** OBJECTIONS TO MUST BE RAISED SPECIALLY. Where the court has jurisdiction of the subject-matter and the parties, and the issues are tried without objection, the court will not on its own motion raise objections to its jurisdiction.

ERROR to the district court for Kearney county. Tried below before GASLIN, J.

*R. St. Clair,* for plaintiff in error, cited: Parsons, Partnership, 215, 490, 501; *McNaughton v. Partridge,* 11 O., 235; High, Injunctions, secs. 98, 100; Freeman, Judgments, secs. 216, 217; Abbott, Trial Ev., ch. 62, 833; *Embury v. Conner,* 3 N. Y., 511; *Pray v. Negeman,* 98 Id., 358; *Jackson v. Astor,* 1 Wis., 137; *Woodward v. Hill,* 6 Id., 143; *Jacobs v. Miller,* 15 N. W. Rep. [Mich.], 42.

*A. H. Burnett, contra,* cited: *Carlow v. Aultman,* 28 Neb., 672; *Carson v. Byer,* 67 Ia., 606; *Berkshire v. Juillard,* 75 N. Y., 535; *Martin v. Davis,* 21 Ia., 535; *Stevens v. Bank,* 31 Barb. [N. Y.], 290; *Trobridge v. Cushman,*

24 Pick. [Mass.], 310; *Blankenship v. Wartelsky*, 6 S. W. Rep. [Tex.], 140; *Ex parte Bank*, 70 Me., 378; *Walker v. Chase*, 53 Id., 258; Bates, Partnership, sec. 1130; Freeman, Executions, sec. 436.

MAXWELL, CH. J.

This action was brought in the district court of Kearney county by the defendants in error against the plaintiffs in error, the cause of action being set forth in the petition as follows:

" Plaintiffs for cause of action say that they are a firm doing business at Minden, Neb., under the firm name of A. J. Neimeyer & Co.; that the said T. J. Courtney is a constable in said county; that the defendants H. T. Campbell and H. E. Gibboney are partners formed and doing business at Minden, Neb., under the firm name and style of Campbell & Gibboney, and have been such partners doing business as aforesaid for the last past four years and more.

" Second—That on the 17th day of December, A. D. 1888, in the district court of Kearney county, Nebraska, the plaintiffs recovered a judgment against said H. T. Campbell and H. E. Gibboney for the sum of $233 and costs taxed at $——; that said judgment was recovered for an amount due plaintiffs on a promissory note signed by said H. T. Campbell and H. E. Gibboney, payable to the order of plaintiffs; that said note was given in settlement of a partnership debt contracted by said firm in the general and usual scope of their firm business, and said judgment is for a partnership debt, as the pleadings of said Campbell & Gibboney in such action will fully show.

" Third—The said defendants, the firm of Campbell & Gibboney, are the owners, and for the last past three years have been the owners, of a certain one-story, shingle roof, frame building used as a carpenter shop, situated on the east end of lot 9 in block 28, city of Minden, Kearney county,

Nebraska, but are not owners of the land upon which the same is situated, neither have they any legal or equitable interest therein; and said building is free and clear from all liens or incumbrances except as hereinafter shown, and of the value of $80.

"Fourth—No supersedeas bond has been filed in said action, neither has execution on said judgment been stayed as provided by law, and more than twenty days have elapsed since the recovery of the same and since the rising of the court for that term, and said judgment is now in full force and no part thereof has been paid. Plaintiffs further represent that on the 3d day of January, 1889, they caused the clerk of said court to issue an execution on said judgment against the goods and chattels of said defendants, and for want of goods and chattels against the lands and tenements of defendants. On said day execution was duly and legally issued by said clerk, under his seal of office and in due form, and placed in the hands of the sheriff of Kearney county. On the same day the sheriff, under and by virtue of such writ, levied upon said building in due form and advertised the same for sale on February 16, 1889. At the time he made such levy he made note of the same on the back of the writ. Such writ of execution is still in the hands of the sheriff, pending sale of said property thereunder.

"Fifth—Plaintiffs further represent to the court that on the 12th day of January, A. D. 1889, John L. McPheely, one of the defendants herein, recovered, or pretended to recover, a judgment against the defendants Campbell & Gibboney for the sum of $75, in the county court of Kearney county, Nebraska.  *  *  *

"Sixth—On the same day an execution was issued on such judgment by said court and delivered to the defendant T. J. Courtney, constable, who, on the same day, with full knowledge of the prior levy made by the sheriff, under and by virtue of the execution issued upon plaintiffs' judg-

ment as aforesaid, levied upon the said building, and advertised the same for sale thereunder on January 22, 1889.

"Seventh—Plaintiffs allege that all of said defendants herein had full knowledge of the levy under plaintiffs' execution.

"Eighth—Plaintiffs allege that said Campbell & Gibboney and neither of them, have any other property or effects of any kind subject by the law to execution.

"Ninth—Plaintiffs allege that the judgment obtained by said John L. McPheely is absolutely void and of no effect, and that the levy made by said Courtney is void and of no effect, but if good, subject to the levy made by the sheriff as aforesaid.

"Tenth—Plaintiffs allege that the defendants are about to sell said building under their said execution, and have so advertised it for sale thereunder on the 22d day of January, 1889."

The plaintiffs in error (defendants below) filed an answer, which contains a number of specific denials of the allegations of the petition, and alleges that the claim of the defendants in error was not a partnership debt of H. T. Campbell and H. E. Gibboney, but their individual obligation, while that of the plaintiff in error McPheely was a partnership debt. Upon the issues thus formed the cause was tried.

The question of the jurisdiction of a court of equity upon the facts stated is not raised by either party. Both parties sought affirmative relief. The court had jurisdiction of the subject-matter and the parties, and there being no objection to the procedure, the power to render a judgment in the premises is undoubted, and in such case the court itself will not raise the question of the jurisdiction of the court.

On the trial of the cause the court below found the issues in favor of the defendants in error and rendered a decree accordingly.

The issue made by the pleadings was, whether or not the debt of Campbell & Gibboney to the defendants in error was a partnership debt of said parties. If so, then the judgment of the court below is right. The proof upon this point seems to establish the truth of the facts stated in the petition, that the debt upon which the judgment was recovered in favor of the defendants in error was that of the firm of Campbell & Gibboney. The judgment therefore conforms to the proof and is

AFFIRMED.

THE other judges concur.